IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAURA BONOMO, )
)
Plaintiff, )
)
v. ) Civil Action No. 12-789
)
CAROLYN W. COLVIN,[1] )
Commissioner of )
Social Security )
)
Defendant. )

AMBROSE, U.S. Senior District Judge

## OPINION
## AND
## ORDER

I. Synopsis

Plaintiff Laura A. Bonomo filed this action pursuant to 42 U.S.C. § 405(g) seeking

judicial review of the final decision of the Commissioner of Social Security ("Commissioner")

denying her application for supplemental security income ("SSI") under the Social Security Act.

42 U.S.C. §§ 1381-1383f. Pending before the Court are cross-motions for Summary Judgment.

ECF Nos. [8][2] (Plaintiff) & [12] (Defendant). Both parties have filed Briefs in Support of their

Motions. ECF Nos. [9][3] (Plaintiff) & [13] (Defendant). Plaintiff also filed a Reply Brief. ECF

No. [14]. After careful consideration of the submissions of the parties, and based on my

Opinion, as set forth below, I GRANT Defendant's Motion for Summary Judgment [12] and

DENY Plaintiff's Motion for Summary Judgment [8].

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), when a public officer who is party to a case in his official capacity ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Accordingly, Carolyn W. Colvin is substituted for named defendant Michael J. Astrue.
[2] Plaintiff filed an erratum at Docket No. [10].
[3] Plaintiff filed an erratum at Docket No. [11].

## II. Background

Plaintiff protectively filed an application for SSI on January 9, 2009, alleging disability beginning on January 9, 2009. Pl.'s Br. 3; ALJ's Op., ECF No. 7-2, 14. When Plaintiff's application was initially denied, she filed a request for a hearing before an Administrative Law Judge ("ALJ"). Pl.'s Br. 3. Plaintiff testified at the hearing held on October 12, 2010. ECF No. 7-2, 52-72. On November 10, 2010, the ALJ issued a decision finding Plaintiff not disabled under the Social Security Act. ECF No. 7-2, 22-23. The Appeals Council denied Plaintiff's request for a review of the ALJ's decision. *Id.* at 2. This appeal followed and, as the parties have filed cross-motions for Summary Judgment, the issues are now ripe for review.

## III. Legal Analysis

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358,

360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for supplemental security income ("SSI"), a plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 416.920. A Claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5).

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

*B. Whether the ALJ's Residual Functional Capacity ("RFC") Assessment is Improperly Vague*

Plaintiff argues that the ALJ's Residual Functional Capacity ("RFC") assessment is unclear and vague regarding Plaintiff's ability to cope with work-related stress. Pl.'s Br., ECF No. 11, 5-7 and Pl.'s Reply, ECF No. 14, 5-6. The ALJ found that Plaintiff has the RFC "to perform a full range of work at all exertional levels but is further limited by the following: to deal directly with the public; to make complex decisions, such as sorting work priorities; to follow detailed instructions; to adapt to frequent changes in a work setting, such as unexpected work assignments; and to cope with stress in emergency situations, such as changes in work procedures." ECF No. 7-2, 17-18. I do not find the ALJ's RFC determination, as stated, unclear. The ALJ posited the exact same limitations to the vocational expert ("VE") who found that such an individual would be able to perform several positions in the national economy (laundry worker, garment sorter, and a document preparer). Hearing Tr., ECF No. 7-2, 69-70. The ALJ's RFC determination includes all limitations that she found to be supported by the record and validated by the VE's opinion. There is no error as the RFC determination is not incomprehensible or baseless.

*C. Whether the ALJ's RFC Assessment Fails to Address Plaintiff's Mental Ability to Do Basic Work Activities*

Plaintiff's first argument includes the additional contention that the ALJ's RFC determination is deficient because "it does not include a discussion of all the 'basic work activities' set forth in 20 C.F.R. 404.1521 and required to be discussed in the RFC [] from a mental standpoint . . . ." Pl.'s Br. 6. However, Title 20, Code of Federal Regulations, Section 404.1521 explains how to identify when a claimant's impairment is not severe: "An impairment

or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."[4] As explained, *infra*, this occurs at step two of the evaluation process. Here, the ALJ found Plaintiff's depressive disorder and anxiety disorder to be severe impairments.[5] ECF No. 7-2, 16. This finding makes it clear that the ALJ found that Plaintiff's mental ability significantly limited her ability to do basic work activities. Accordingly, this attack on the ALJ's RFC determination is misplaced.

### D. Whether the ALJ Erred in Evaluating the Medical Evidence

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ improperly weighed the opinions of various medical sources. Pl.'s Br. 8. An ALJ is required to evaluate all of the medical opinions received. 10 C.F.R. § 416.927(b). In so doing, an ALJ is required to give reasons for any evidence discounted or rejected. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). When evaluating medical opinions, an ALJ should consider whether there is reasonable support for the opinion and whether the opinion is consistent with the other substantial evidence in the record. 20 C.F.R. § 416.927(c); SSR 96-2p. As a rule, ALJs are required to give treating physicians' opinions "great weight" where the opinions are supported by the medical evidence of record because "'their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Plummer*, 186 F.3 422 (3d Cir. 1999) (citing *Newhouse v. Heckler*, 753 F.2d 283, 286

---

[4] I assume that Plaintiff actually meant to cite to Section 416.921 which addresses non-severe impairments for SSI, the benefits for which Plaintiff applied under the Act. *See* ECF No. 7-5, 2. Plaintiff's brief cites to the section of the Code of Federal Regulations addressing non-severe impairments for disability insurance benefits ("DIB"). Because the Regulation language for DIB mirrors that of SSI, Plaintiff's argument is not affected.

[5] However, the ALJ found that Plaintiff's severe impairments did not meet or medically equal one of the Listed Impairments. ECF No. 7-2, 16-17; *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. When a claimant's mental impairments are severe but do not meet or equal the criteria in the Listing of Impairments, an ALJ must consider the claimant's impairments together with her age, education, and work experience and describe all resulting limitations in her mental RFC assessment. SSR 85-16. Here, the ALJ found the record showed that Plaintiff suffers from symptoms of depression and anxiety which "reasonably may be expected to limit her ability to perform all but the simplest tasks" but that "objective signs and clinical findings indicate a higher level of function than that alleged by claimant." ECF 7-2, 21. Accordingly, the ALJ limited Plaintiff's RFC to work that does not require her to deal directly with the public or to cope with stress in emergency situations. *Id.* at 19.

(3d Cir. 1985)). If a medical opinion is well-supported but not consistent with the other substantial evidence in the record, it may not be given "controlling weight." SSR 96-2p. Opinions on issues such as an RFC determination are never entitled to controlling weight, as that is an issue reserved to the Commissioner. SSR 96-5p; *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

Specifically, Plaintiff claims that the ALJ erred because she did not weigh, improperly weighed, and/or did not explain the weight she gave to the medical opinions of Dr. Richard Valinsky (treating psychologist), Dr. John Salmon (treating psychologist), Dr. Lanny Detore (examining Agency consultant), and Dr. Milke (non-examining Agency consultant). Pl.'s Br. 8-12 and Pl.'s Reply 4-5.

With regard to Dr. Valinsky, Plaintiff argues that "the ALJ's legal error was not her failure to give controlling weight to the treating opinion, but her failure to give that opinion any deference at all." Pl.'s Reply 5. I disagree. The ALJ stated that she considered the office treatment records for the period of March 23-August 31, 2010 (ECF No. 7-9) and the mental status questionnaire, dated August 31, 2010 (ECF No. 7-10), from Dr. Valinsky. ECF No. 7-2, 19. The ALJ explained that she considered the GAF score assigned by Dr. Valinsky but gave limited weight to his assessment. *Id.* The ALJ clearly was referring to Dr. Valinsky's opinion, which she had previously cited, that Plaintiff would decompensate under routine job stresses and most likely miss ten or more days of work per month. *Id.* The ALJ explained that her decision was based on "the results of mental status evaluations [that] have consistently been acceptable and within normal limits." *Id.* The ALJ further explained that, contrary to Dr. Valinsky's opinion, the evidence of record showed that Plaintiff's depression and anxiety did not prohibit her from being able to perform *all* work activity, particularly for any twelve-month period. *Id.* at

20. Because I find that the ALJ clearly considered Dr. Valinsky's opinion and substantial evidence supports her conclusion that Dr. Valinsky's opinion is inconsistent with other substantial evidence in the case record,[6] I find no error.

The Plaintiff further argues that the ALJ failed to weigh all other medical opinions of record. Pl.'s Br. 10-12 and Pl.'s Reply 5. Although the ALJ did not state the weight that she gave to the opinions of Dr. Salmon and Dr. Detore, the extent to which the ALJ relied on them is clear from her discussion of the evaluations and opinions offered by each doctor, and the medical evidence as a whole. ECF No. 7-2, 17-21. It is evident that Dr. Salmon's opinion was discredited to the extent that the ALJ found many of Dr. Salmon's opinions to be "administrative findings dispositive of a case" and thus, reserved for the Commissioner. *Id.* at 19. I find this to be supported by substantial evidence. To the extent that the ALJ relied on Dr. Salmon's opinion, the ALJ crafted the RFC to accommodate these limitations. *See id.* at 18-19. As to Dr. Detore, the ALJ discernibly accepted his opinion, as it is consistent with the RFC adopted by the ALJ. *See id.* at 17, 19-20 (stating the results of Dr. Detore's psychological evaluation and citing this findings in support of the ALJ's conclusion that Plaintiff is not disabled for any period of twelve consecutive months); *see also* ECF No. 7-7, 29.

---

[6] In addition to medical source evidence, the ALJ also limited her reliance on Dr. Valinsky's opinion that Plaintiff was incapable of performing all work activity because she "did not find the claimant's assertions [as to her mental impairments] to be entirely credible." ECF No. 7-2, 20 (noting that treating physicians consistently found that Plaintiff "could adequately recall important events, dates, names, etc[.], and respond to questions appropriately and with reasonable intelligence. For the most part she relates satisfactorily with people." An ALJ must consider medical opinions together with the rest of the relevant evidence received. 20 C.F.R. §§ 416.927(b), 416.920(b). In assessing Plaintiff's impairments at step three, the ALJ explained:

> The medical evidence shows some symptoms of depression and anxiety, but the claimant's testimony and medical record shows that she carries out a wide range of daily activities, performs routine household chores and grocery shops. Claimant has mental limitations, but these have been accommodated in the residual functional capacity adopted here and in Finding 4, which provides, in part, for work that does not require the claimant to deal directly with the public, to make complex decisions or to follow detailed instructions, and the vocational expert cited occupations.

*Id.* at 17. The ALJ elaborated on why she found Plaintiff's subjective complaints partially credible during her RFC analysis. *Id.* at 21. I find substantial evidence supports the ALJ's assessment of Plaintiff's credibility. 20 C.F.R. § 416.929; SSR 96-7p.

Additionally, it can be inferred that the ALJ credited Dr. Milke's opinion but assigned it a reduced weight. *See* ECF No. 7-2, 20. In discussing Dr. Milke's evaluation, the ALJ stated: "The weight accorded to this State agency medical consultant's opinions are not controlling weight, though they assisted me in coming to the conclusions as to the claimant's residual functional capacity." *Id.* Accordingly, it is clear that the ALJ relied on Dr. Milke to support an RFC determination that did not preclude all work activity but limited her to simple tasks. *See id.*

Because the weight the ALJ gave these medical sources is discernible, and the ALJ's decision is well-reasoned and supported by substantial evidence, the error is harmless. *See Lyons v. Barnhart*, No. Civ. A. 04-5094, 2006 WL 401848, at*2, n.3 (E.D. Pa. Feb. 16, 2006) (citing *Rutherford v. Barnhart*, 399 F.3d 5546, 553 (3d Cir. 2005) for the proposition that remand is not warranted where stricter compliance with a social security ruling would not affect the outcome of the case).

IV. Conclusion

Based on the evidence of record and the briefs filed in support thereof, I find there is substantial evidence to support the ALJ's conclusion that Plaintiff is not disabled within the meaning of the Social Security Act. As a result, I DENY Plaintiff's motion for Summary Judgment, and I GRANT Defendant's motion for Summary Judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURA BONOMO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-789 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Commissioner of | ) |
| Social Security | ) |
| | ) |
| Defendant. | ) |

AMBROSE, U.S. Senior District Judge

ORDER OF COURT

AND NOW, this _19_ day of June, 2013, after careful consideration of the submissions

of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered

that Plaintiff's Motion for Summary Judgment (ECF No. [8]) is DENIED and Defendant's

Motion for Summary Judgment (ECF No. [12]) is GRANTED. In accordance with 42 U.S.C.

§ 405(g), the administrative decision of the Commissioner of Social Security is hereby

AFFIRMED.

BY THE COURT:

Donetta W. Ambrose
U.S. Senior District Judge